<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAIM ALLEN,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

No. 25cv2122 (EP)

**OPINION**

**PADIN, District Judge.**

*Pro se* Petitioner Naim Allen filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, in relation to Crim. No. 23-cr-300. D.E. 1 ("Section 2255 Motion"). Petitioner also filed a copy of his "Notice of Motion Harsh Conditions" that his defense counsel failed to submit to the Court on his behalf at sentencing. D.E. 2 ("Notice of Motion Harsh Conditions"). The Court construes Petitioner's Notice of Motion Harsh Conditions not as a standalone motion, but rather, as an exhibit to Ground One of his Section 2255 Motion.

As explained in more detail below, the Court will **DISMISS *without prejudice*** Petitioner's Section 2255 Motion because it is premature. Petitioner may file a new motion upon conclusion of his direct appeal in the Third Circuit.

**I.    BACKGROUND**

On August 27, 2024, Petitioner pled guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One), and possession with intent to distribute 3,4-Methylenedioxymethamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) (Count Two). D.E. 90 in Crim. No. 23-cr-300. On February 25, 2025, Petitioner was sentenced to an 84-month prison term on Counts One and Two, to run concurrently. *Id.*

On March 6, 2025, Petitioner filed a Notice of Appeal of the Judgment of Conviction in the Third Circuit Court of Appeals. D.E. 91 in Crim. No. 23-cr-300. The Third Circuit assigned Petitioner's appeal Case Number 25-1417. D.E. 92 in Crim. No. 23-cr-300.

On March 25, 2025, Petitioner filed his Section 2255 Motion in this Court, stating that he was filing prior to the direct appeal that he intended to file. Section 2255 Motion at 6. For Ground One of his Section 2255 Motion, Petitioner contends that he was held in harsh pretrial detention conditions during the COVID-19 pandemic for 41 months before sentencing. *Id.* at 5. When the Court asked whether there were any motions to be filed at sentencing, Petitioner said yes but his counsel said no. *Id.* Petitioner wanted the sentencing court to consider the harsh conditions of his pretrial confinement as a factor under 18 U.S.C. § 3553(a). *Id.* Thus, Petitioner alleges ineffective assistance of counsel at sentencing in Crim. No. 23-cr-300.

## II.    DISCUSSION

Rule 4 of the Rules Governing § 2255 Proceedings provides for preliminary review of a Section 2255 motion as follows:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, 28 U.S.C.A. foll. § 2255.

"A district court should not entertain a habeas corpus petition while there is an appeal pending in the court of appeals or in the Supreme Court." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) (cleaned up); *see also United States v. Ford*, 215 F. App'x 167, 168 (3d Cir. 2007) (per curiam) ("[I]n the context of collateral attacks upon convictions, courts have concluded

that there is no jurisdictional bar to a District Court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the District Court's efforts a nullity"); *see Outterbridge v. Motley*, No. 04–6058, 2005 WL 1541057, at *2 (D.N.J. June 30, 2005) ("The Advisory Committee Note, to Rule 5 of the Rules Governing Section 2255 Proceedings, indicates that such a § 2255 motion is inappropriate if the movant is simultaneously appealing the decision.") (cleaned up).  Because Petitioner filed his Section 2255 Motion while his appeal is pending before the Third Circuit, it is premature, and the Court cannot decide it.

### III.   CONCLUSION

For the reasons stated above, the Court will **DISMISS *without prejudice*** Petitioner's Section 2255 Motion as premature.  Petitioner may timely file a Section 2255 motion when his appeal in the Third Circuit has concluded.  The Court will direct the Clerk of Court to **ADMINISTRATIVELY TERMINATE** Petitioner's Notice of Motion Harsh Conditions, which the Court construes as an exhibit to Ground One of Petitioner's Section 2255 Motion.   An appropriate order accompanies this Opinion.

Dated: May 29, 2025

                                                    Evelyn Padin, U.S.D.J.