NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAIM ALLEN,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

No. 25cv2122 (EP)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

On May 29, 2025, this Court dismissed *without prejudice pro se* Petitioner Naim Allen's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, D.E. 1 ("§ 2255 Motion"), as premature because his direct appeal in a related criminal action[1] was pending. D.E. 6 ("Order"). After the dismissal of the § 2255 Motion, Petitioner was transferred to a new facility, allegedly without copies of his legal documents. D.E. 8 ("Letter").[2]

Petitioner now seeks copies of the following: (1) the docket sheet in this matter; (2) the § 2255 Motion; and (3) the Plea Agreement and Sentencing Transcript from *United States v. Allen*. Letter. As explained below, the Court will send Petitioner a copy of the docket sheet in this matter. However, the Court will not send Petitioner copies of the other requested materials, but will advise him how to obtain copies of them.

Pursuant to District of New Jersey Local Civil Rules, Appendix K, Schedule of Fees ("Appendix K"), there is a $0.50 per page charge "for reproducing any record and providing a copy in paper form . . . ." Additionally, "[f]ees for transcripts furnished in proceedings brought

---

[1] *United States v. Allen*, Crim. No. 23-300 (D.N.J.) ("*USA v. Allen*").

[2] A duplicate letter is filed at D.E. 9.

under [§] 2255 . . . to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). "The statute thus provides for a free transcript for indigent prisoners asserting a claim under [§] 2255 if a judge certifies that the asserted claim is 'not frivolous' and that the transcript is 'needed to decide the issue.'" *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976). Petitioner may obtain free copies of his sentencing transcript only after he timely files his § 2255 Motion and obtains the aforementioned certification from the Court. Therefore, the Court will **DENY** *without prejudice* Petitioner's request for a free copy of his sentencing transcript.

To obtain copies of other documents—including the § 2255 Motion and the Plea Agreement from *United States v. Allen*, Petitioner may: (1) contact the Clerk's Office and submit the required fee for copies or (2) contact his defense counsel to provide him with copies. Furthermore, unsealed transcripts and other court documents that have been filed on the Court's docket are available on the Court's Public Access to Court Electronic Records.[3] Accordingly,

**IT IS**, on this 22nd day of October 2025,

**ORDERED** that the Clerk of Court shall **REOPEN** this matter solely for entry of this Order; and it is further

**ORDERED** that the Clerk of Court shall provide Petitioner with a copy of the docket sheet in this matter; and it is further

**ORDERED** that Petitioner's request for free copies of his sentencing transcript, D.E. 8, is **DENIED** *without prejudice* pursuant to 28 U.S.C. § 753(f); and it is further

---

[3] Public Access to Court Electronic Records ("PACER"), available at www.pacer.gov.

**ORDERED** that Petitioner's requests for: (1) free copies of his Plea Agreement in *U.S. v. Allen*; and (2) his § 2255 Motion, D.E. 1, are **DENIED** *without prejudice*; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Petitioner by regular mail.

*[signature]*
Evelyn Padin, U.S.D.J.

3